by the defendant, and therefore do not award costs. The plaintiff, however, is entitled to recover the fees of the referee and witnesses, and other necessary disbursements. Old Code, § 317. While section 1 of chapter 245 of the Laws of 1880 repeals said section 317, subdivision 8 of section 3 of that chapter saves the right to disbursements. Larkins v. Maxon, 103 N. Y. 680, 9 N. E. 56; Krill v. Brownell, 40 Hun, 72. Chapter 686 of the Laws of 1893 repeals the provisions of the Revised Statutes referred to in said subdivision 8, but substantially re-enacts them in section 2718 of the Code of Civil Procedure. The last-cited cases therefore continue authoritative. When an act repeals and substantially re-enacts a statute, the re-enacted statute is a continuation of the former, and there is no suspension; and, when one act is incorporated by reference in another, the repeal of the earlier statute does not affect the situation, but the incorporated parts remain in force. End. Interp. St. §§ 490, 492; Flanders v. Town of Merrimack, 48 Wis. 567, 4 N. W. 741; In re Main Street, 98 N. Y. 454. Section 32 of the statutory construction law, while not in terms applicable, may therefore be cited as declaratory of the existing law. This view of the right to disbursements is borne out by Outhouse v. Odell, 84 Hun, 494, 32 N. Y. Supp. 388.

(9 App. Div. 433.)

TALCOTT v. NATIONAL CREDIT INS. CO.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

INDEMNITY BOND—CONSTRUCTION.

A bond was conditioned to indemnify plaintiff against losses on sales during a certain period by reason of the insolvency by legal process of any buyer to whom goods should have been "sold and delivered during the period of the bond, * * * or by reason of any judgment or decree of court obtained for goods so delivered within the said period of the bond upon which execution should have been returned unsatisfied." *Held*, that the indemnity did not cover losses on sales made during the specified period, where judgment for the price was not recovered until afterwards.

Action by James Talcott against the National Credit Insurance Company. A verdict was rendered in favor of defendant, and plaintiff moves for a new trial on exceptions ordered to be heard by the appellate division in the first instance. Denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

T. G. Strong, for the motion.

R. W. Peckham, Jr., opposed.

VAN BRUNT, P. J. This action was brought to recover $2,139.80, claimed to be due under a bond issued by the defendant, then known as the American Credit Indemnity Company, in March, 1892. By its terms the operation of this bond commenced at noon on the 11th of March, 1892, and ended at noon on the 11th of March, 1893. The condition of the bond, after reciting the fact that the plaintiff had been engaged in business, contained a covenant and agreement upon the

part of the American Indemnity Company with the plaintiff that, in case the plaintiff should suffer losses in his business during the period of the bond (viz. between the 11th of March, 1892, and the 11th of March, 1893) by reason of the insolvency by legal process of any party or parties to whom the party of the second part (the plaintiff) should have "sold and delivered goods during the period of the bond, * * * or by reason of any judgment or decree of court obtained for goods so delivered within the said period of the bond upon which execution should have been returned unsatisfied, over and above said losses," etc., that it would indemnify the plaintiff as stated in said bond. The plaintiff covenanted to notify the company within 10 days after receiving information of any insolvency or loss, and the bond contained a provision that failure to give such notice within said time should exclude such accounts and loss from the indemnity of the bond. The bond also contained the provision that the final proof of loss should be made at the home office of the company within 30 days after the expiration of the bond; and the further provision that, in the event of a loss occurring within the life of the bond, of which the company had not received notification before the termination thereof, such loss should not be provable thereunder. The bond contained other provisions, which it is not necessary here to notice. Upon the trial of this action proof was offered of claims in cases where the goods had been sold during the period covered by the bond, but no judgment had been obtained, or execution returned unsatisfied, until after the expiration of the term of the bond. These proofs were excluded, and the question presented for consideration is whether they came within the terms of the bond.

It seems to us, upon a consideration of the language of the bond, that by no process of construction can any such claims be brought within its terms. The language of the bond is that, "in case the said second party [the plaintiff] should suffer losses in his business during the said period of this bond," etc. Here the time is mentioned. The losses must be suffered during the period of the bond, namely, between noon of the 11th of March, 1892, and noon of the 11th of March, 1893. Then follows a statement of the kind of loss which must be sustained. The language of the bond is, "By reason of the insolvency by legal process, * * * or by reason of any judgment or decree of court obtained for goods so delivered within the said period of this bond upon which execution shall have been returned unsatisfied." The second class of losses consists of those which occurred by reason of a judgment or decree of court upon which execution shall have been returned unsatisfied, and those losses must have been suffered during the period of the bond. If there were any doubt on this question of construction, the eleventh clause of the bond seems to settle it. That clause provides that, "in the event of a loss occurring within the life of this bond [namely, from noon of the 11th of March, 1892, to noon of the 11th of March, 1893], of which said party of the first part [the company] has not received notification before the termination hereof, such loss shall not be provable hereunder." If the conditions precedent had not occurred which constituted a loss under the provisions of the bond prior to its expiration, of course no notice could be given, and

under this clause no recovery could be had. It does not seem to us that the question of liability is in any manner a question of punctuation. The events which, by the terms of the bond, constituted the loss, are by its very language required to happen within the time mentioned as being the period of the existence of the bond; and those things must happen not only within that period, but the right to the judgment or decree must be founded upon a sale of goods occurring within the same period. It is conceded that the final proofs of loss must necessarily be furnished within 30 days after the expiration of the bond, and that the notification of loss must be given before the expiration of the bond. If there is no limitation upon the time when the judgment or decree is to be obtained and the execution returned unsatisfied, how can the other conditions in regard to the 30-day requirement of final proofs of loss and the notification of loss during the life of the bond be complied with? The liability of the defendant being thus limited to the period mentioned in the bond, and it providing that such liability must be evidenced by events transpiring within the like period, it does not seem that there is any room for an extension of the period during which losses may accrue, which period has been expressly limited by the terms of the bond.

The motion for a new trial should be denied, and the exceptions overruled, and judgment ordered for the defendant upon the verdict, with costs. All concur.

